# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1050-23

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

D.C.W.,

     Defendant-Appellant.

_____

Submitted June 3, 2025 – Decided July 1, 2025

Before Judges Gilson and Augostini.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 12-08-1141.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Steven E. Braun, Designated Counsel, on the brief).

Yolanda Ciccone, Middlesex County Prosecutor, attorney for respondent (Anthony J. Robinson, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from an October 23, 2023 order denying his petition requesting a new trial and for post-conviction relief (PCR).[1] He asserts that the State committed a Brady[2] violation by withholding notes from a detective. He also argues that counsel on his direct appeal was ineffective in not raising the alleged Brady violation. Because there is no evidence that the notes existed or that the State withheld any relevant information, we reject defendant's argument for a new trial. We also reject defendant's second argument because prior appellate counsel did not provide ineffective assistance in failing to raise an argument about a non-existent Brady violation. We, therefore, affirm the October 23, 2023 order.

I.

A jury found defendant guilty of sexually assaulting two of his daughters and his step-niece. All three victims testified at trial and detailed the sexual assaults defendant perpetrated against them when they were minors.

The jury convicted defendant of nine crimes, including first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a); two counts of second-degree

---

[1] We use initials to identify defendant and others to protect the identities of the victims. See R. 1:38-3(c)(9), (12).

[2] Brady v. Maryland, 373 U.S. 83 (1963).

A-1050-23

sexual assault of victims who were under the age of thirteen, N.J.S.A. 2C:14-2(b); two counts of second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a); and third-degree endangering the welfare of a child by having sexual contact with the child, N.J.S.A. 2C:24-4(a)(1).

Defendant was sentenced to an aggregate term of thirty years in prison, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. He was also ordered to register and report as required by Megan's Law, N.J.S.A. 2C:7-1 to -23. In addition, he was ordered to pay $25,000 in restitution.

Defendant filed a direct appeal challenging his convictions, sentence, and restitution. We affirmed his convictions and sentence. State v. D.C.W., No. A-5701-16 (App. Div. May 28, 2019) (slip op. at 32). We vacated the restitution award and remanded for an ability-to-pay hearing. Ibid.

On remand, the trial court entered a modified judgment of conviction imposing the same sentence but reducing the restitution from $25,000 to $4,800. Thereafter, the New Jersey Supreme Court denied defendant's petition for certification. State v. D.C.W., 240 N.J. 157 (2019).

In May 2023, defendant, represented by counsel, filed a PCR petition. In his supporting brief, defendant alleged the State had withheld evidence in violation of Brady. Defendant contended that a statement made by B.W., one

of the victims, suggested that there might have been a Brady violation. During an interview with an investigative detective, B.W. had stated that she "talk[ed] . . . about [the sexual assaults] with Detective Jones." Defendant pointed out that Detective Jones had denied interviewing B.W. about the sexual assaults. Instead, Detective Jones had testified "I didn't speak to [B.W.] regarding the allegations." Based on those inconsistent statements, defendant asserts that Detective Jones may have questioned B.W. about the sexual assaults. Defendant then assumes that Detective Jones created notes or that there may be a recording of the alleged interview of B.W. Finally, defendant contends the State failed to produce those notes or the recording in violation of his rights under Brady.

On October 23, 2023, the PCR judge heard oral arguments and then denied defendant's petition without an evidentiary hearing. That same day, the PCR court issued an order memorializing its ruling.

The PCR judge explained the reasons for his denial of the request for a new trial and the PCR petition on the record. The judge found that there was no evidence that the State had committed a Brady violation because there was no evidence that Detective Jones had interviewed B.W. regarding the sexual assaults or that the detective had prepared notes regarding the alleged interview.

The PCR judge also found that defendant had not alleged specific facts that would support granting him a new trial. In that regard, the judge evaluated defendant's arguments under State v. Ways, 180 N.J. 171, 187 (2004). The judge reasoned that defendant did not establish that Detective Jones had interviewed B.W. The judge also found that defendant had not established how the interview would have "rais[ed] a reasonable doubt as to the defendant's guilt." Accordingly, the PCR judge concluded that defendant was "theorizing that . . . exculpatory evidence . . . exist[ed]" and was "speculat[ing]" regarding the probable impact of that assumed evidence. Additionally, the PCR judge concluded that the inconsistent statements by B.W. and Detective Jones were not "newly discovered" because those statements could have been discovered before defendant's trial.

Defendant now appeals from the denial of his petition for a new trial and for PCR without an evidentiary hearing.

II.

On this appeal, defendant makes two arguments, which he articulates as follows:

> POINT I – DEFENDANT IS ENTITLED TO A NEW TRIAL BECAUSE OF THE FAILURE OF THE STATE TO PRODUCE ALL DISCOVERY; THUS, THE STATE COMMITTED A BRADY VIOLATION.

IN ADDITION, THE PCR COURT ERRED BY APPLYING THE ERRONEOUS NEWLY DISCOVERED EVIDENCE TEST RATHER THAN THE APPROPRIATE TEST FOR A <u>BRADY</u> VIOLATION.

POINT II – APPELLATE DEFENSE COUNSEL WAS INEFFECTIVE BY FAILING TO RAISE THE <u>BRADY</u> ISSUE ON DIRECT APPEAL.

When a PCR court does not conduct an evidentiary hearing, appellate courts review the denial of a PCR petition de novo. <u>State v. Harris</u>, 181 N.J. 391, 420-21 (2004); <u>State v. Lawrence</u>, 463 N.J. Super. 518, 522 (App. Div. 2020). The PCR court's decision to proceed without an evidentiary hearing is reviewed for an abuse of discretion. <u>State v. Vanness</u>, 474 N.J. Super. 609, 623 (App. Div. 2023) (citing <u>State v. Brewster</u>, 429 N.J. Super. 387, 401 (App. Div. 2013)).

A.    The Alleged <u>Brady</u> Violation.

The State has an affirmative obligation to disclose all evidence potentially favorable to a defendant. <u>See</u> <u>Kyles v. Whitley</u>, 514 U.S. 419, 432 (1995); <u>State v. Hyppolite</u>, 236 N.J. 154, 165 (2018). In <u>Brady v. Maryland</u>, the United States Supreme Court held that the prosecution's "suppression . . . of evidence favorable to an accused . . . violates due process where the evidence is material

6

either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."  373 U.S. at 87; accord State v. Carter, 91 N.J. 86, 110 (1982).

The New Jersey Supreme Court has explained that three elements must be established to prove a Brady violation:  "(1) the evidence at issue must be favorable to the accused, either as exculpatory or impeachment evidence; (2) the State must have suppressed the evidence, either purposely or inadvertently; and (3) the evidence must be material to the defendant's case."  State v. Brown, 236 N.J. 497, 518 (2019) (citing State v. Nelson, 155 N.J. 487, 497 (1998)).

In contending that the State committed a Brady violation, defendant assumes that Detective Jones questioned B.W. about the sexual assaults and that Detective Jones memorialized what she learned either in notes or that there was a recording of the interview.  Defendant then alleges that the State failed to produce the notes or the recording in violation of Brady.  The flaw in defendant's argument is that there is no evidence that Detective Jones created notes or that there was a recording.

Based on a vague statement by B.W., defendant first speculates that Detective Jones had questioned B.W. about the sexual assaults.  More critically, defendant then speculates that Detective Jones created notes or that there was a recording of that interview and that the notes and recording were not produced

A-1050-23

by the State. Defendant did not produce any evidence or make any showing that Detective Jones created notes or that there was a recording. In response to defendant's allegations, the State represented notes or recordings of an interview do not exist. Defendant did not respond with any evidence that the notes or recording actually existed. Indeed, when asked by the PCR court why defendant believed Detective Jones had notes, defendant could only speculate that there "should be" notes, given that B.W. stated she had spoken to Jones about the assaults.

At trial, when asked whether she had questioned B.W. about the sexual assaults, Detective Jones testified: "I didn't speak to [B.W.] regarding the allegations." Defendant did not submit any proofs to rebut that testimony. Instead, defendant speculates that Detective Jones did question B.W. about the sexual assaults and prepared notes or that there was a recording of the interview. Defendant's speculation does not establish a <u>Brady</u> violation and does not constitute grounds for granting him a new trial. <u>See</u> <u>Brown</u>, 236 N.J. at 528 (explaining that under <u>Brady</u>, a new trial is required "if suppression of evidence prejudice[ed] the defense and 'could . . . in any reasonable likelihood have affected the judgment of the jury'" (quoting <u>Giglio v. United States</u>, 405 U.S. 150, 154 (1972) (omission in original))).

Before us, defendant argues that the PCR court used the wrong standard in evaluating his Brady contention. In that regard, he contends that the PCR court used the standard for evaluating whether evidence was newly discovered. See Ways, 180 N.J. at 187. That argument has no relevance given that the record establishes that defendant did not make a showing of a Brady violation.

B.     The Alleged Ineffective Assistance of Appellate Counsel.

Given our determination that there is no evidence supporting a Brady violation, defendant's arguments concerning the ineffective assistance of his appellate counsel fail. Prior appellate counsel was not ineffective in failing to raise a meritless argument about a non-existent Brady violation. See Strickland v. Washington, 466 U.S. 668, 687 (1984) (setting forth a two-prong test requiring showings that (1) counsel made errors so serious that counsel is not functioning as the counsel guaranteed by the Sixth Amendment and (2) the deficient performance prejudiced the defense). See also State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-prong test in New Jersey).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-1050-23